UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACQUELINE M. LANDRY                                CIVIL ACTION

VERSUS                                              NO. 18-30-SDD-EWD

NORTHLAND INSURANCE COMPANY, ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by plaintiff, Jacqueline M. Landry, as a result of a motor vehicle accident that occurred on or about December 7, 2016.[1] On or about December 5, 2017, Plaintiff filed a Petition for Damages against Marquis A. Bolden, Ntrest Logistics, LLC and Northland Insurance Company ("Northland") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[2] The matter was removed to this Court by Bolden and Northland on January 16, 2018 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3] The Notice of Removal alleges that this case meets the amount in controversy necessary for the Court to exercise federal subject matter jurisdiction based on the following:

> 8. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff counsel has pled in Paragraphs 6 of plaintiff's Petition for Damages, that plaintiff has suffered past physical pain and suffering, future physical pain and suffering, past medical expenses, future medical expenses, past mental and emotional pain and suffering, future mental and emotional pain and suffering, past economic damages, including lost wages and benefits, and future economic damages, including lost wages and benefits.
> 9. Additionally, in Paragraph 10 plaintiff reiterates in her petition that she suffered injuries and damages which include past physical pain and

---

[1] R. Doc. 1-1 at p. 3, ¶ 3.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at ¶ 8. The Notice of Removal states that Ntrest Logistics, LLC consents to removal. *Id*. at ¶ 7.

suffering, future physical pain and suffering, past and future medical expenses, past and future mental and emotional pain and suffering, past economic damages, including lost wages and benefits, and future economic damages, including lost wages and benefits. In Paragraph 12, Plaintiff prays for a jury representing that the amount in controversy exceeds $50,000.00. Likewise, on December 27, 2017 a stipulation capping the amount in controversy at $75,000.00 was sent and has been refused to be returned by plaintiff. Instead, representations have been made that Plaintiff is under active spinal treatment for her neck and back, and has recently undergone testing (MRI and/or EMG/NCS testing) and is in active and continual pain management and treatment more than a year after the accident. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Western District of Louisiana[4] as the amount in controversy upon information and belief is in excess of $75,000 based on the petition and representations and there is diversity between the parties.

10. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.***, 376 Fed. App. 432 (5th Cir. (La) 2010), states:
> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." *Grant,* 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

11. Article 893, La. Code of Civil Procedure states in pertinent part the following:
> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount**

---

[4] This reference to the Western District of Louisiana appears to be a typographical error, as Plaintiff's Petition for Damages was filed in the Nineteenth Judicial Court for the Parish of East Baton Rouge, Louisiana, which is located within the Middle District of Louisiana. *See*, R. Doc. 1-1.

> **of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."
>
> Plaintiff did not indicate the lack of federal jurisdiction in the petition; but has provided the factual basis for the amount in controversy to satisfy the jurisdictional requirement herein.
> Further, on December 27, 2017 undersigned counsel presented Plaintiff's counsel with a stipulation that damages did not exceed $75,000, however, Plaintiff's counsel has not responded. [5]

It is not apparent from the face of Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. Even though Plaintiff seeks several items of damages, there is no indication of the actual injuries Plaintiff sustained or the amount in controversy related to her alleged injuries and damages. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (and cases cited). Although the Notice of Removal asserts that "representations have been made that Plaintiff is under active spinal treatment for her neck and back, and has recently undergone testing (MRI and/or EMG/NCS testing) and is in active and continual pain management and treatment more than a year after the accident,"[6] there is nothing in the record to support this assertion. Further, Plaintiff's failure to stipulate that the amount in controversy in this case does

---

[5] R. Doc. 1 at ¶¶ 8-11.
[6] R. Doc. 1 at ¶ 9.

not exceed $74,999 is due to Plaintiff's counsel's failure to return the Stipulation, rather than Plaintiff's assertion that her damages exceed $75,000.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Marquis A. Bolden and Northland Insurance Company shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Bolden and Northland's memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy requirement is satisfied in this case. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on January 26, 2018.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**